UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In Re: In Re: Huckleberry Partners LLC**

**ADAM KANTER,**

        Appellant,

v.                                            Case No: 6:23-cv-1849-PGB

**MARK C. HEALY,**

        Appellee.
_____/

## ORDER

This cause is before the Court on the following:

1. Debtor Huckleberry Partners, LLC's ("**Debtor**") Motion to Dismiss Appeal (Doc. 9 (the "**Motion to Dismiss**")), in which Appellee Mark C. Healy has joined (Doc. 10 (the "**Joinder**"));

2. Appellant Adam Kanter's ("**Appellant**") Response to the Motion to Dismiss (Doc. 12 (the "**Response**")); and

3. Appellant's Unopposed Motion for Extension of Time to File Initial Brief (Doc. 13).

In the Motion to Dismiss, Debtor and Appellee argue that Appellant has failed to meet the deadline established in Federal Rule of Bankruptcy Procedure 8018(a)(1) for filing Appellant's initial brief in this Court. (Doc. 9). More specifically, Debtor and Appellee assert that, under this rule, Appellant had thirty days from the

docketing of the Notice of Filing Bankruptcy Appeal in the District Court on September 26, 2023 to file the initial brief, making the deadline October 26, 2023. (Doc. 2; Doc. 9, ¶ 12). Because Appellant did not file his brief by this date, and because Appellant did not include in Appellant's designation of record a transcript of the hearing that concerned the order that has been appealed from (the "**bankruptcy hearing transcript**"), Debtor and Appellee seek dismissal, citing Appellant's alleged failure to prosecute the instant appeal. (Doc. 9, ¶¶ 11–14).

In his Response, Appellant argues that Debtor and Appellee violated Local Rule 3.01(g) by failing to confer with Appellant prior to filing the Motion to Dismiss and Joinder, respectively. (Doc. 12, pp. 2–3). Appellant further confirms his intent to promptly file a supplemental designation of record with this Court that would include the bankruptcy hearing transcript. (*Id.* at p. 5 n.2). Lastly, Appellant contends that the deadline for filing the initial brief was thirty days from the docketing of the bankruptcy record including the items designated for transmittal, which occurred on November 3, 2023. (*Id.* at p. 3; Doc. 11). As such, the position Appellant took in his Response would have made the deadline for filing the initial brief December 4, 2023. However, Appellant failed to file the initial brief by this date. Instead, on December 5, 2023, Appellant filed a request to extend the deadline for filing the initial brief from *December 6, 2023* to December 27, 2023. (Doc. 13, p. 1).

It is clear that there is confusion by the parties regarding the deadline for filing the initial brief. It is equally clear, however, that Appellant has not presently

abandoned his efforts to prosecute the instant appeal. (*See* Docs. 12, 13); *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985) ("Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal."); *Tucker v. JP Morgan Chase Bank N.A. (In re Tucker)*, 665 Fed. App'x 841, 844 (11th Cir. 2016) (holding the district court had abused its discretion by dismissing debtor's appeal for failure to timely file the initial brief and noting that "dismissal is proper only when bad faith, negligence, or indifference has been shown.") (citation omitted)[1]. Accordingly, the Court declines Debtor and Appellee's request that it dismiss this case for Appellant's failure to prosecute, and grants Appellant's unopposed request for additional time within which to file the initial brief.

Therefore, it is **ORDERED** as follows:

1. Debtor Huckleberry Partners, LLC's Motion to Dismiss Appeal (Doc. 9), in which Appellee Mark C. Healy has joined (Doc. 10), is **DENIED**.

2. Appellant Adam Kanter's Unopposed Motion for Extension of Time to File Initial Brief (Doc. 13) is **GRANTED**.

    a. Appellant shall file the initial brief on or before December 27, 2023.

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

3. Appellant shall further file a supplemental designation of record that includes the bankruptcy hearing transcript on or before December 27, 2023.

**DONE AND ORDERED** in Orlando, Florida on December 15, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4